UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANNON GONZALEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:19-cv-01429-SNLJ |
| | ) |
| ANDREW M. SAUL,[1] | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

The Commissioner of the Social Security Administration denied plaintiff Shannon Gonzalez's applications for disability insurance benefits and supplemental security income benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* and Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Gonzalez now seeks judicial review. The Commissioner opposes the motion. The issues being fully briefed, and for the reasons set forth, this Court will **AFFIRM** the Commissioner's decision.

**I.     Procedural History**

Gonzalez's application was denied at the initial determination level.  She then appeared before an Administrative Law Judge ("ALJ").  The ALJ found Gonzalez is not disabled because her symptoms were not supported by the medical evidence available.

---

[1] After this case was filed, Saul was confirmed as the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Saul is substituted for Deputy Commissioner Nancy A. Berryhill as the defendant in this suit.

1

Gonzalez then filed a request for review of the ALJ's decision with the Appeals Council of the Social Security Administration, which was denied. Thus, the decision of the ALJ stands as the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. Gonzalez now seeks review by this Court pursuant to 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3).

## II.     Disability Determination—The Five-Step Framework

A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether "the claimant has a severe impairment [that] significantly limits [the] claimant's physical or mental ability to do basic work activities."

*Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(c), 404.1520a(d), 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" (RFC) to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(5)(i), 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined as what the claimant can still do despite his or her physical or mental limitations." *Gann v. Berryhill*, 864 F.3d 947, 951 (8th Cir. 2017); *see also* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC

3

finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).  Ultimately, the claimant is responsible for *providing* evidence relating to his RFC and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner.  *See Brock v. Astrue*, 574 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled.  *Id.*  At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant.  *Hensley*, 829 F.3d at 932.

**III.     The ALJ's Decision**

At Step One, the ALJ found Gonzalez met the insured status requirements through December 31, 2019, and had not engaged in substantial gainful activity since March 23, 2016. (Tr. 38). At Step Two, the ALJ found Gonzalez suffers from seven medically determinable impairments: (1) cervical and lumbar degenerative disc disease without myelopathy or radiculopathy; (2) right hip cyst and labral tear status post arthroscopy; (3) right knee patellar chondrosis; (4) fibromyalgia; (5) irritable bowel syndrome; (6) history of ovarian cysts; (7) hypothyroidism; (8) obesity; (9) depression; and (10) anxiety. (Tr. 39). At Step Three, the ALJ concluded Gonzalez does not have an impairment or combination of impairments that meets or equals one of the presumptively disabling impairments listed in the regulations. (Tr. 39-41).

Next, in beginning the analysis of Step Four, the ALJ determined Gonzalez's RFC.[2]  The ALJ found that Gonzalez

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations. The claimant can lift and carry up to 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk four hours in an eight-hour workday and can sit for six hours in an eight-hour workday. She can occasionally climb ramps or stairs, but no ladder, ropes, or scaffolds. She can occasionally stoop but never kneel, crouch, or crawl. The claimant can perform frequent reaching, handling, and fingering. She should have no exposure to hazards such as unprotected heights or dangerous machinery. She can perform simple and routine tasks throughout the workday.

---

[2] Determining claimant's RFC is "essential to properly completing steps four and five." *Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019). However, the RFC is determined at step four—a point in which the burden of proof rests with claimant. *See Scott v. Berryhill*, 855 F.3d 853, 855 (8th Cir. 2017); *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005).

(Tr. 41). As part of this determination, the ALJ found Gonzalez's allegations about her physical and mental symptoms' intensity, persistence, and limiting effects were not consistent with the medical records when considered as a whole. (Tr. 42). The ALJ remarked that "[a] review of the claimant's physical treatment notes shows many pain complaints and many emergency room trips associated with pain. However, the claimant's conditions do not appear to have worsened nor has she received escalating treatment as to her knee or spine." (Tr. 43). The ALJ then pointed out how "claimant reported she needed help out of bed and had to crawl to the bathroom," but such allegations "[did] not appear supported by contemporaneous medical findings [demonstrating] claimant [had] intact gait and strength and no need for an assistive device." (Tr. 45). As for mental health impairments, the ALJ noted "claimant has a longstanding history of depression and anxiety" that manifested into "three brief hospitalizations" during the relevant period for suicidal thoughts, but "each appear to have been related to changes in her medication" as Gonzalez "quickly stabilized and [] was released with better mood and affect." (Tr. 44-45). The ALJ went on to explain how Gonzalez was capable of performing many daily activities such as household chores, going shopping, self-care, visiting friends and family, raising three children (including an eight-year-old that "needs a lot of care"), and even earning a 4.0 GPA during six months of college courses (that she suspended after facing financial difficulties). (Tr. 45-46). Gonzalez even worked for a time "performing cleaning duties" on a limited basis that "suggests a capacity for light work." (Tr. 46). Thus, the ALJ concluded Gonzalez

6

"appears to have no more than moderate limitations in concentration, persistence, and pace, and is capable of performing simple and routine tasks throughout the day." (Tr. 45).

Having made an RFC determination, the ALJ continued on through Step Four to determine whether Gonzalez could perform her past relevant work in light of her designated RFC. The ALJ determined Gonzalez is unable to perform any past relevant work. (Tr. 47).

At Step Five, the ALJ analyzed whether Gonzalez can successfully adjust to other work. The ALJ noted that if Gonzalez could perform all or substantially all of the exertional demands at a given level under the Medical-Vocational Guidelines (the "Grids"), 20 C.F.R. Part 404, Subpart P, Appendix 2, then the Grids would direct a conclusion of whether Gonzalez was "disabled" or "not disabled." The ALJ acknowledged, however, that additional limitations impede Gonzalez's ability to perform work at all or substantially all of the assigned level.  Thus, the ALJ relied on vocational expert (VE) testimony to determine the extent to which these limitations erode Gonzalez's occupational base to perform "light work."  The VE testified Gonzalez could perform work as an electrical assembler, mail clerk, or merchandize marker even after considering all of the limitations in Gonzalez's RFC. (Tr. 48).  The ALJ then found these jobs exist in significant numbers in the national economy and concluded Gonzalez is not disabled. (Tr. 48).

**IV.   Standard of Review**

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.  42 U.S.C. §§ 405(g); 1383(c)(3).

7

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id*. The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016).

**V.      Discussion**

Gonzalez seeks remand on one narrow issue. She highlights the ALJ's decision that says she has "no more than moderate limitations in concentration, persistence, and pace," and argues that, according to *Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996), it is inappropriate to conclude as the ALJ did that "a limitation to simple and routine tasks … capture[s] a claimant's moderate limitations in concentration, persistence, and pace." In other words, Gonzalez argues the ALJ's RFC determination "fail[ed] to include any moderate limitations specifically with respect to concentration, persistence, or pace," which cannot be captured simply by including a limitation for "simple and routine tasks."

*Newton*'s holding is narrower than Gonzalez's argument suggests. In that case, the claimant had notable deficiencies in concentration, persistence, and pace including the

8

ability to "carry out detailed instructions, maintain attention and concentration for extended periods, performing activities within a schedule, [and] maintaining regular attendance." *Id*. at 695. The hypothetical question posed to the vocational expert reduced the claimant's abilities to "simple jobs" but did not otherwise detail claimant's deficiencies in concentration, persistence, and pace that would result "in a failure to complete tasks in a timely manner." *Id*. at 694. The Eight Circuit found that Newton's "concentration and persistence problems related to basic *work habits* needed to maintain employment" regardless of "what the job required from a [] *skill standpoint*." *Id*. at 695 (emphasis added). Thus, it held that the hypothetical question referring to "simple work" did not fully capture Newton's concentration and persistence problems that were not skill-based, but habit-based—i.e. the ability to complete work timely notwithstanding the simplicity of the work. *Id*.

Cases since *Newton* demonstrate its limited reach. For example, in *Scott v. Berryhill*, the Eighth Circuit distinguished *Newton* by concluding a hypothetical question limiting the complexity of tasks to those that "can be learned and performed by rote … adequately captured the concrete consequences of [claimant's] deficiencies." 855 F.3d 853, 858 (8th Cir. 2017). In "describing [claimant's] difficulties with respect to concentration, persistence, or pace, the ALJ noted [claimant's] reading, writing, and math difficulties" and his "reduced attention span." *Id*. But, it was also noted that claimant "retain[ed] the focus necessary to watch three hours of television per day" and "[did] not require reminders." *Id*. Therefore, the RFC for simple tasks was "crafted [] to limit the complexity of tasks and the duration" so to capture claimant's education and

9

concentration concerns. *Id*. But, because neither were individually remarkable in symptomology or effect, the RFC—brisk as it was—"sufficiently captured the concrete consequences of [claimant's] deficiencies even [though] the hypothetical did not lay out the exact deficiencies with medical precision." *Id*.

Similarly, in *Howard v. Massanari*, the claimant contended that his "deficiencies of concentration, persistence, or pace were not adequately presented to the vocational expert" where the ALJ simply asked "the vocational expert to assume that [claimant] would be capable of performing simple, routine, repetitive tasks." 255 F.3d 577, 581 (8th Cir. 2001). The Eighth Circuit began by noting that "while the hypothetical question must set forth all claimant's impairments, it need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments." *Id*. at 582 (quoting *Roe v. Chater*, 92 F.3d 672, 676 (8th Cir. 1996)). With that, it held that "describing [claimant] as capable of doing simple work adequately account[ed] for the finding of borderline intellectual functioning." *Howard*, 255 F.3d at 582. The record supported a finding that claimant, though having difficulties in concentration, persistence, and pace generally, could overcome those difficulties if tasks were limited to "simple, repetitive, and routine cognitive activity." *Id*. Thus, "the ALJ's hypothetical concerning someone who is capable of doing simple, repetitive, routine tasks adequately capture[d] [claimant's] deficiencies in concentration, persistence, or pace." *Id*.

Here, the ALJ limited Gonzalez to "simple and routine tasks" in recognition that she was assessed as having difficulties completing "complex tasks due to anxiety and depression." (Tr. 46). Such symptoms apparently caused Gonzalez to have "poor

10

concentration [] on two occasions"—remedied, in the ALJ's view, by limiting her to simple work. (*Id*.). The ALJ also questioned the vocational expert about additional impairments related to the ability to stay on task and maintain good attendance, both of which the vocational expert responded by saying the individual "would be unable to maintain competitive employment." (Tr. 90-91). But, it is clear from the record that the ALJ declined to incorporate these additional limitations into the RFC; in fact, the ALJ specifically said that "other hypothetical questions were posed which incorporated varying greater and/or lesser levels of impairment[,] however the undersigned [] only adopt[ed] those limitations [that] are consistent with the record." (Tr. 48). Instead, the ALJ emphasized how Gonzalez was "able to manage college course attendance and earn good grades" and how she had the concentration, persistence, and pace to engage in "a range of [other daily] activities." (Tr. 45-46). Thus, like in *Scott* and *Howard*, the RFC's use of a "simple and routine tasks" limitation was sufficient to capture Gonzalez's concentration, persistence, and pace problems without "lay[ing] out the exact deficiencies with medical precision," *Scott*, 855 F.3d at 858, or using "specific or symptomatic terms," *Howard*, 255 F.3d at 582. Unlike *Newton*, the ALJ did not find or rely upon any remarkable symptomology or effect of Gonzalez's depression and anxiety that would present workplace challenges not adequately addressed by the "simple and routine tasks" limitation. Therefore, the ALJ did not err.

**VI. Conclusion**

This Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. It does not

substitute its own judgment for that of the ALJ. *Gann v. Berryhill*, 864 F.3d 947, 950 (8th Cir. 2017). Having found the ALJ's conclusions were supported by substantial evidence and that legal standards were correctly applied, this Court affirms the ALJ's decision.

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision is **AFFIRMED** and plaintiff Shannon Gonzalez's complaint (ECF #1) is **DISMISSED with prejudice**. A separate judgment accompanies this Order.

So ordered this 15th day of April 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE